**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

| | | |
|---|---|---|
| **STEVEN C. FUSTOLO and STEVEN C. FUSTOLO, Trustee of the Salem Street Estate Planning Trust,** | § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Civil Action No.: 1:25-cv-11091-DJC** |
| **NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING and U.S. BANK TRUST NATIONAL ASSOCIATION, Not In Its Individual Capacity But Solely As Owner Trustee for VRMTG Asset Trust, and LANDMARK AUCTION CO., LLC and MATTHEW J. KATZ and JPMORGAN CHASE BANK, N.A.** | § § § § § § § § § § | |
| **Defendants.** | § | |

## DEFENDANT U.S. BANK'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant U.S. Bank Trust National Association, not in its Individual Capacity but Solely as Owner Trustee for VRMTG Asset Trust (**U.S. Bank**) answers plaintiffs Steven C. Fustolo and Steve C. Fustolo, Trustee of the Salem Street Estate Planning Trust's first amended complaint and asserts defenses as follows:

### I.    ADMISSIONS AND DENIALS

#### INTRODUCTION

1.    U.S. Bank admits the allegations in paragraph 1 describe plaintiffs' first amended complaint, but denies any alleged breaches and denies plaintiffs are entitled to the requested relief. To the extent paragraph 1 contains any further allegations, U.S. Bank denies them.

<u>PARTIES</u>

2.      U.S. Bank denies the allegations in paragraph 2 because it does not know if they are true.

3.      U.S. Bank admits the allegations in paragraph 3 to the extent consistent with and confirmed by records of the registry of deeds.  U.S. Bank denies any inconsistent or unconfirmed allegations.

4.      U.S. Bank admits Newrez LLC d/b/a Shellpoint Mortgage Servicing (**Shellpoint**) is a wholly-owned subsidiary of NewRezHoldings LLC fka Shellpoint Partners LLC, a Delaware limited liability company.  U.S. Bank admits Shellpoint services residential mortgages, including the loan at issue in this lawsuit, and maintains an office at 75 Beattie Place, #300, Greenville, SC 29601.  To the extent paragraph 4 contains any further allegations, U.S. Bank denies them.

5.      U.S. Bank admits it is a federal national bank with a corporate office in Wilmington, Delaware.  U.S. Bank also admits it served as Owner Trustee for VRMTG Asset Trust, and was the mortgagee for the loan at issue in the lawsuit until ownership of the loan transferred to JPMorgan Chase Bank, N.A.  The referenced records of the registry of deeds speak for themselves and U.S. Bank denies any allegations inconsistent with those records.  To the extent paragraph 5 contains any further allegations, U.S. Bank denies them.

6.      U.S. Bank lacks knowledge or information sufficient to admit or deny the allegations in paragraph 6, and therefore denies them.

7.      U.S. Bank lacks knowledge or information sufficient to admit or deny the allegations in paragraph 7, and therefore denies them.

8.      U.S. Bank admits JPMorgan Chase Bank, N.A. is a federal bank with a corporate office in New York, New York.  U.S. Bank also admits JPMorgan Chase Bank, N.A. is the

mortgagee for the loan at issue in the lawsuit. The referenced property records speak for themselves and U.S. Bank denies any allegations inconsistent with those records. To the extent paragraph 8 contains any further allegations, U.S. Bank denies them.

9.    Paragraph 9 contains legal conclusions to which no response is required. To the extent paragraph 9 contains any allegations, U.S. Bank denies them.

10.    U.S. Bank admits the allegations in paragraph 10 describe the defendants named in plaintiffs' first amended complaint. To the extent paragraph 10 contains any further allegations, U.S. Bank denies them.

11.    U.S. Bank admits the allegations in paragraph 11 describe certain defendants named in plaintiffs' first amended complaint. To the extent paragraph 11 contains any further allegations, U.S. Bank denies them.

12.    U.S. Bank admits the allegations in paragraph 12 describe certain defendants named in plaintiffs' first amended complaint. To the extent paragraph 12 contains any further allegations, U.S. Bank denies them.

13.    U.S. Bank denies the allegations in paragraph 13.[1]

JURISDICTION AND VENUE

14.    U.S. Bank admits this court has jurisdiction over this matter and that plaintiffs' claims relate to real property in Massachusetts, but U.S. Bank denies it caused any alleged injury to plaintiffs. To the extent paragraph 14 contains any further allegations, U.S. Bank denies them.

---

[1] U.S. Bank objects to plaintiffs' use of the collective definition, the "Lender Defendants," throughout the first amended complaint and plaintiffs' failure to differentiate among the various defendants' alleged acts and/or omissions.

15.    U.S. Bank admits this court is a proper venue for this matter and the subject property is in Boston, Suffolk County, Massachusetts.  To the extent paragraph 15 contains any further allegations, U.S. Bank denies them.

COMMON FACTS

16.    U.S. Bank admits the allegations of paragraph 16 to the extent consistent with court records.  To the extent paragraph 16 contains any further allegations, U.S. Bank denies them.

17.    U.S. Bank admits the allegations in paragraph 17 to the extent consistent with the pleadings in the earlier action.  All inconsistent allegations are denied.

18.    The referenced court records speak for themselves and U.S. Bank denies any allegations inconsistent with those  records.

19.    U.S. Bank admits a foreclosure sale was set for August 11, 2024 while the motion for summary judgment was pending.

20.    The referenced court records speak for themselves and U.S. Bank denies any allegations inconsistent with those  records.

21.    The referenced court records speak for themselves and U.S. Bank denies any allegations inconsistent with those  records.

22.    The referenced records of the registry of deeds speak for themselves and U.S. Bank denies any allegations inconsistent with those records.

23.    U.S. Bank admits the allegations in paragraph 23.

24.    The referenced court records speak for themselves and U.S. Bank denies any allegations inconsistent with those records.

25.    The referenced court records speak for themselves and U.S. Bank denies any allegations inconsistent with those records.

26.     U.S. Bank admits a foreclosure sale was scheduled for April 22, 2025 and then postponed to April 28, 2025 by public proclamation.  U.S. Bank is without knowledge or information sufficient to admit or deny the remaining allegations, and therefore denies them.

27.     U.S. Bank admits the foreclosure sale scheduled for April 22, 2025 was postponed to April 28, 2025 by public proclamation.  U.S. Bank denies the remaining allegations.

28.     U.S. Bank denies the allegations in paragraph 28.

29.     U.S. Bank is without knowledge or information sufficient to admit the allegations in paragraph 28, so they are denied.

30.     U.S. Bank admits the foreclosure sale was conducted on April 28, 2025 and the final bid price for the property was $325,000.  U.S. Bank denies any remaining allegations.

31.     U.S. Bank admits its initial bid was $294,217.45 and the total payoff for the subject loan as of April 2025 was approximately $428,000.00.  U.S. Bank is without knowledge or information sufficient to admit or deny the remaining allegations, and therefore denies them.

32.     U.S. Bank is without knowledge or information sufficient to admit or deny the allegations in paragraph 32, and therefore denies them.

33.     U.S. Bank is without knowledge or information sufficient to admit or deny allegations as to what Mr. Fustolo "observed," and therefore denies them.  U.S. Bank denies all remaining allegations.

34.     The referenced records of the registry of deeds speak for themselves and U.S. Bank denies any allegations inconsistent with those records.  To the extent paragraph 34 contains any further allegations, U.S. Bank denies them.

A.      The Continuance of the Foreclosure Was Not Announced by Landmark and Katz.

35.    U.S. Bank admits a foreclosure sale was scheduled for April 22, 2025 and then postponed to April 28, 2025 by public proclamation.  U.S. Bank is without knowledge or information sufficient to admit or deny the remaining allegations, and therefore denies them.

36.    U.S. Bank admits the foreclosure sale scheduled for April 22, 2025 was postponed to April 28, 2025 by public proclamation.  U.S. Bank is without knowledge or information sufficient to admit or deny the allegations in paragraph 36, and therefore denies them.

37.    U.S. Bank is without knowledge or information sufficient to admit or deny the allegations in paragraph 37, and therefore denies them.

38.    U.S. Bank denies the allegations in paragraph 38.

39.    U.S. Bank denies the allegations in paragraph 39.

40.    U.S. Bank admits plaintiffs' counsel provided U.S. Bank's counsel with copies of purported affidavits from Mr. Fustolo and Mr. Celeste regarding the foreclosure sale, but denies any remaining allegations.

41.    Paragraph 41 contains legal conclusions to which no response is required.  To the extent a response is required, U.S. Bank is without knowledge or information sufficient to admit or deny the allegations in paragraph 41, and therefore denies them.

42.    Paragraph 42 contains legal conclusions to which no response is required.  To the extent a response is required, U.S. Bank is without knowledge or information sufficient to admit or deny the allegations in paragraph 42, and therefore denies them.

B.    The Incorrectly-Dissolved Memorandum of Lis Pendens.

43.    The referenced records of the registry of deeds speak for themselves and U.S. Bank denies any allegations inconsistent with them.  U.S. Bank denies all remaining allegations in paragraph 43.

44.     The referenced records of the registry of deeds speak for themselves and U.S. Bank denies any allegations inconsistent with them.  U.S. Bank denies all remaining allegations in paragraph 44.

45.     Paragraph 45 contains legal conclusions to which no response is required.  The referenced statute, G.L. c. 184, § 15, speaks for itself and U.S. Bank denies any allegations inconsistent with it.  U.S. Bank denies the remaining allegations in paragraph 45.

46.     Paragraph 46 contains legal conclusions to which no response is required.  The referenced statute, G.L. c. 184, § 15(d), speaks for itself and U.S. Bank denies any allegations inconsistent with it.  U.S. Bank denies all remaining allegations in paragraph 46.

47.     Paragraph 47 contains legal conclusions to which no response is required.  The referenced statute, G.L. c. 184, § 15(d), speaks for itself and U.S. Bank denies any allegations inconsistent with it.  U.S. Bank denies all remaining allegations in paragraph 47.

48.     The allegations in paragraph 48 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. The referenced records of the registry of deeds and court records speak for themselves and U.S. Bank denies any allegations inconsistent with those records.  U.S. Bank denies all remaining allegations in paragraph 48.

   C.     <u>Foreclosure of the Property for Less Than Its Actual Value</u>.

49.     U.S. Bank denies the allegations in paragraph 49.

50.     The allegations in paragraph 50 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required.  To the extent a response is required, U.S. Bank denies the allegations in paragraph 50.

51.     U.S. Bank denies the allegations in paragraph 51.

52.     U.S. Bank denies the allegations in paragraph 52.

53.     U.S. Bank denies the allegations in paragraph 53.

D.      <u>No New Servicemembers Civil Relief Act Complaint Has Been Filed Against Fustolo or Co-Trustee Debra Ann Cichon-Fustolo to Ensure Clear Title</u>.

54.     The referenced statute, Servicemembers Civil Relief Act, speaks for itself and U.S. Bank denies any allegations inconsistent with it.  To the extent paragraph 54 contains any further allegations, U.S. Bank denies them.

55.     The referenced statute, Servicemembers Civil Relief Act, speaks for itself and U.S. Bank denies any allegations inconsistent with it.  To the extent paragraph 55 contains any further allegations, U.S. Bank denies them.

56.     The referenced statute, Servicemembers Civil Relief Act, and the Massachusetts real estate treatise, Crocker's Notes on Common Forms, speak for themselves, and U.S. Bank denies any allegations inconsistent with them.  To the extent paragraph 56 contains any further allegations, U.S. Bank denies them.

57.     The referenced document from the Massachusetts Real Estate Bar Association speaks for itself and U.S. Bank denies any allegations inconsistent with it.  To the extent paragraph 57 contains any further allegations, U.S. Bank denies them.

58.     The referenced court records speak for themselves and U.S. Bank denies any allegations inconsistent with them.  To the extent paragraph 58 contains any further allegations, U.S. Bank denies them.

59.     The referenced records speak for themselves and U.S. Bank denies any allegations inconsistent with them.  To the extent paragraph 59 contains any further allegations, U.S. Bank denies them.

60.    Paragraph 60 contains legal conclusions to which no response is required.  To the extent a response is required, U.S. Bank denies the allegations in paragraph 60.

<u>COUNT I: DECLARATORY JUDGMENT (NEWREZ AND VRMTG)</u>

61.    U.S. Bank adopts and incorporates by reference the above paragraphs as though fully set forth herein.

62.    The referenced statute, G.L. c. 231A, §§ 1, *et seq.,* speaks for itself and U.S. Bank denies any allegations inconsistent with it.  To the extent paragraph 62 contains any further allegations, U.S. Bank denies them.

63.    The referenced statutes, G.L. c. 244, §§ 11-17C and G.L. c. 231A, § 1, speak for themselves and U.S. Bank denies any allegations inconsistent with them.  To the extent paragraph 63 contains any further allegations, U.S. Bank denies them.

64.    U.S. Bank denies the allegations in paragraph 64.

65.    U.S. Bank denies the allegations in paragraph 65.

<u>COUNT II: VIOLATION OF MORTGAGEE'S DUTY OF<br>GOOD FAITH AND REASONABLE DILIGENCE (NEWREZ AND VRMTG)</u>

66.    U.S. Bank adopts and incorporates by reference the above paragraphs as though fully set forth herein.

67.    The referenced case precedent speaks for itself and U.S. Bank denies any allegations inconsistent with it.  To the extent paragraph 67 contains any further allegations, U.S. Bank denies them.

68.    The referenced case precedent speaks for itself and U.S. Bank denies any allegations inconsistent with it.  To the extent paragraph 68 contains any further allegations, U.S. Bank denies them.

69.     The referenced case precedent speaks for itself and U.S. Bank denies any allegations inconsistent with it.  To the extent paragraph 69 contains any further allegations, U.S. Bank denies them.

70.     The referenced case precedent speaks for itself and U.S. Bank denies any allegations inconsistent with it.  To the extent paragraph 70 contains any further allegations, U.S. Bank denies them.

71.     The referenced case precedent speaks for itself and U.S. Bank denies any allegations inconsistent with it.  To the extent paragraph 71 contains any further allegations, U.S. Bank denies them.

72.     U.S. Bank denies the allegations in paragraph 72.

73.     U.S. Bank denies the allegations in paragraph 73.

74.     U.S. Bank denies the allegations in paragraph 74.

75.     U.S. Bank denies the allegations in paragraph 75.

<u>COUNT III: WRONGFUL FORECLOSURE (NEWREZ AND VRMTG)</u>

76.     U.S. Bank adopts and incorporates by reference the above paragraphs as though fully set forth herein.

77.     The referenced case precedent speaks for itself and U.S. Bank denies any allegations inconsistent with it.  To the extent paragraph 77 contains any further allegations, U.S. Bank denies them.

78.     U.S. Bank denies the allegations in paragraph 78.

79.     U.S. Bank denies the allegations in paragraph 79.

<u>COUNT IV: UNFAIR BUSINESS PRACTICES IN VIOLATION OF G.L. c. 93A (NEWREZ, VRMTG, KATZ, AND LANDMARK)</u>

80.    U.S. Bank adopts and incorporates by reference the above paragraphs as though fully set forth herein.

81.    The allegations in paragraph 81 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required.  To the extent a response is required, U.S. Bank denies the allegations.

82.    The allegations in paragraph 82 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required.  To the extent a response is required, U.S. Bank lacks knowledge or information sufficient to admit or deny the allegations in paragraph 82, and therefore denies them.

83.    U.S. Bank denies the allegations in paragraph 83.

84.    U.S. Bank denies the allegations in paragraph 84.

<u>COUNT V: DECLARATORY JUDGMENT (JPMORGAN)</u>

85.    U.S. Bank adopts and incorporates by reference the above paragraphs as though fully set forth herein.

86.    Paragraph 86  contains legal conclusions to which no response is required.  To the extent a response is required, U.S. Bank denies the allegations in paragraph 86.

87.    U.S. Bank admits the allegations in paragraph 87 describe plaintiffs' assertion of claims in the subject lawsuit, which plaintiffs filed prior to defendant JPMorgan Chase Bank's acquisition of the mortgage, but U.S. Bank denies plaintiffs are entitled to the requested relief.  To the extent paragraph 87 contains any further allegations, U.S. Bank denies them.

88.    The referenced statute, G.L. c. 184, § 15, and the records of the registry of deeds speak for themselves, and U.S. Bank denies any allegations inconsistent with them.  To the extent paragraph 88 contains any further allegations, U.S. Bank denies them.

89.     The referenced records of the registry of deeds speak for themselves and U.S. Bank denies any allegations inconsistent with those records.  To the extent paragraph 89 contains any further allegations, U.S. Bank denies them.

90.     Paragraph 90 contains legal conclusions to which no response is required. To the extent a response is required, U.S. Bank denies the allegations in paragraph 90.   Further, the referenced statute, G.L. c. 184, § 15, speaks for itself, and U.S. Bank denies any allegations inconsistent with it.

91.     U.S. Bank denies plaintiffs are entitled to the requested relief.   To the extent paragraph 91 contains any further allegations, U.S. Bank denies them.

## II.     ADDITIONAL DEFENSES

1.     The plaintiffs' allegations fail to state a claim upon which relief can be granted.

2.     The plaintiffs' claims are barred, in whole or in part, because they lack standing to assert them.

3.     The plaintiffs' claims are barred, in whole or in part, for failure to perform conditions precedent, including, but not limited to, complying with the terms of the mortgage.

4.     The plaintiffs have acted in bad faith by, among other things, breaching the terms of the mortgage, and should not be permitted to assert their claims.

5.     The plaintiffs have not been damaged or harmed by the conduct alleged in the first amended complaint.

6.     The plaintiffs' claim for unfair business practices in violation of G.L. c 93A is barred because plaintiffs cannot show they suffered any pecuniary or economic loss as a result of defendants' purported conduct.

7.     The plaintiffs fail to allege they sent a demand letter in compliance with G.L. c 93A, section 9.

8.     The plaintiffs' damages, if any, were caused or contributed to by their own prior breach of contract and/or negligence.

9.     The plaintiffs' damages, if any, were caused by negligent or intentional and/or unlawful conduct of third parties or their agents, and not any act or omission of U.S. Bank.

10.     The plaintiffs' declaratory judgment claim is not valid because they have an adequate remedy at law.

11.     The plaintiffs' claims are barred in whole or in part, because they failed to mitigate their damages, if any.

12.     The plaintiffs' claim are barred, in whole or in part, by the doctrines of consent, knowledge, statute of limitations, waiver, ratification, estoppel and/or laches.

13.     U.S. Bank reserves the right to assert any additional defenses and affirmative defenses based on information or knowledge obtained throughout the course of litigation.

### III.    PRAYER

For the foregoing reasons, U.S. Bank requests the court:

1.     Deny the relief the plaintiffs request;

2.     Enter judgment in favor of U.S. Bank; and

3.     Grant such other relief as this Court deems just and appropriate.

Dated: August 8, 2025

Respectfully submitted,

U.S. Bank Trust National Association, not in its
Individual Capacity but Solely as Owner Trustee for
VRMTG Asset Trust

By its attorneys,

*/s/ Peter V. Guaetta, Esq.*
Peter V. Guaetta, Esq.
BBO #554786
GUAETTA & BENSON, LLC
P.O. Box 519
Chelmsford, MA 01824
Tel: (978) 250-0999
Peter_guaetta@guaettalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2025, a true and correct copy of the foregoing was served
as follows:

Joe Dye Culik
Dye Culik PC
1200 E. Morehead St., Suite 260
Charlotte, NC 28204
**VIA CM/ECF AND CERTIFIED MAIL
NO. [9589 0710 5270 1495 0696 30]**


Lane N. Goldberg, Esq.
Goldberg Law
4 Court Street, Suite 200A
Plymouth, MA 02360
**VIA CM/ECF AND CERTIFIED MAIL
NO. [9589 0710 5270 1495 0696 54]**

*/s/ Peter V. Guaetta, Esq.*
Peter V. Guaetta, Esq. (BBO #554786)

14