**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| STEVEN C. FUSTOLO, individually and as TRUSTEE OF THE SALEM STREET ESTATE PLANNING TRUST,<br><br>Plaintiff<br><br>v.<br><br>NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING, et al.,<br><br><br>Defendants. | Case No. 25-cv-11091-DJC |

**MEMORANDUM AND ORDER**

CASPER, C. J.                                                                          **May 20, 2026**

## I.    Introduction

Plaintiff Steven C. Fustolo, individually and as trustee of the Salem Street Estate Planning Trust ("Fustolo"), has filed this action against Defendants Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Newrez"), U.S. Bank Trust National Association, as owner trustee for VRMTG Asset Trust ("VRMTG"), Landmark Auction Co., LLC ("Landmark"), Matthew J. Katz ("Katz") and JPMorgan Chase Bank, N.A. ("JPMorgan") to challenge the foreclosure sale and resulting assignment of property located at 115 Salem Street, Until 11, Boston, Massachusetts 02113 (the "Property"). D. 1-1; D. 11. As against Katz and Landmark (collectively, the "Landmark Defendants"), Fustolo alleges that the Property's foreclosure auction violated Mass. Gen. L. c. 93A (Count IV). D. 11 at 19. The Landmark Defendants have now moved to dismiss this one

1

count against them, Count IV, under Fed. R. Civ. P. 12(b)(6).  D. 28.  For the reasons stated below, the Court ALLOWS the Landmark Defendants' motion.  Id.

## II.    Standard of Review

Under Rule 12(b)(6), a defendant may move to dismiss an action arguing that it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The Court must determine if the facts alleged "plausibly narrate a claim for relief."  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citation omitted).  Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry.  García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).  First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein.  Id. Factual allegations must be accepted as true, while conclusory legal allegations are not entitled credit.  Id.  Second, the Court must "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief."  Schatz, 669 F.3d at 55.  If they do not, then dismissal is warranted.  See Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## III.    Factual Background

The following facts are drawn from Fustolo's amended complaint, D. 11, and the documents attached and referenced therein, and are accepted as true for the purpose of considering the motion to dismiss.

Fustolo is a mortgagor of the Property.  D. 11 ¶ 2.  On or about July 19, 2023, Fustolo filed a complaint in Suffolk Superior Court against Newrez, the servicer of the Property's mortgage, id. ¶ 4, and VRMTG, the then-holder by assignment of the Property's mortgage, id. ¶ 5, challenging their right to foreclose on the Property.  Id. ¶¶ 16-17.  The complaint was subsequently removed by those defendants to another session of this Court.  Id. ¶ 16; see Fustolo v. Newrez LLC et al.,

2

No. 23-cv-11972-MJJ (D. Mass.) ("Fustolo I").  While those parties' cross-motions for summary judgment were pending before the Fustolo I court, Newrez and VRMTG scheduled a foreclosure of the Property for August 11, 2024.  D. 11 ¶¶ 18-19.  In response, Fustolo filed an emergency motion for a memorandum of lis pendens, which the Fustolo I court granted on July 23, 2024.  Id. ¶¶ 20-21; see Fustolo I, No. 23-cv-11972-MJJ (D. Mass. July 23. 2024), D. 28.  Fustolo recorded the lis pendens in the Suffolk Registry of Deeds, D. 11 ¶ 22, and Newrez and VRMTG subsequently postponed the foreclosure sale, id. ¶ 23.  On January 6, 2025, the Fustolo I court granted Newrez and VRMTG's motion for summary judgment and dismissed the Fustolo I action.  Id. ¶ 24; see Fustolo I, No. 23-cv-11972-MJJ (D. Mass. Jan. 6, 2025), D. 36, D. 37.  Fustolo timely appealed the dismissal and, as of the date of this Memorandum and Order, the appeal is pending before the First Circuit.  D. 11 ¶ 25; see Fustolo I, No. 23-cv-11972-MJJ (D. Mass.), appeal docketed, No. 25-1118 (1st Cir. Feb. 6, 2025).  On February 28, 2025, Newrez and VRMTG recorded the order of dismissal in the Suffolk Registry of Deeds.  D. 11 ¶ 43.

On March 12, 2025, Fustolo received a new notice of foreclosure from Newrez, VRMTG and the Landmark Defendants notifying him that a foreclosure auction for the Property was scheduled for April 22, 2025 at 12:00 p.m. (the "initial foreclosure auction").  D. 11 ¶ 26.  On or about April 5, 2025, Fustolo transferred the Property to the Salem Street Estate Planning Trust, over which Fustolo is a trustee, and submitted a quitclaim deed and trustee's certificate for the Property on or about April 21, 2025.  Id. ¶ 3.  Prior to the initial foreclosure auction, Fustolo told Newrez, VRMTG and the Landmark Defendants that "the foreclosure was unlawful and that, among other issues, there was an active lis pendens and the existence of other defects in title."  Id. ¶ 27.  At 12:00 p.m. on April 22, 2025, Newrez, VRMTG and the Landmark Defendants cancelled the initial foreclosure auction, id., and scheduled a new foreclosure auction date for April 28, 2025

at 2:00 p.m., see id. ¶¶ 28-29.  As alleged, the Newrez, VRMTG and the Landmark Defendants did not announce the new date to the group of bidders gathered at the initial foreclosure auction before they "dissipated."  Id. ¶ 27; see id. ¶¶ 35-37, 40.  That same day, Fustolo filed the present action in Suffolk Superior Court against Newrez and VRMTG challenging the foreclosure of the Property, D. 1-1, which was subsequently removed to this Court, D. 1.

On April 28, 2025, Landmark, a foreclosure auction company, D. 11 ¶ 6, and Katz, an auctioneer for Landmark, id. ¶ 7, hosted the Property's foreclosure auction (the "foreclosure auction"), id. ¶¶ 6-7.  Fustolo attended the auction and, before it began, hand-delivered "a draft" of the amended complaint to the Landmark Defendants, which listed purported title defects and the lis pendens.  Id. ¶ 29.[1]  As alleged, Fustolo also verbally notified the Landmark Defendants about the alleged "title defects and insufficient notice of foreclosure," and suggested that they had an "ethical responsibility" to notify prospective bidders of the alleged title defects.  Id.  The Landmark Defendants moved forward with the foreclosure auction, see id. ¶ 30, during which they neither announced that the Property was purportedly subject to a lis pendens nor the claims in Fustolo I, id. ¶ 41.  Six bidders attended the foreclosure auction as compared to, as alleged, "a crowd of approximately 20" at the initial foreclosure auction.  Id. ¶ 33.  During the auction, VRMTG placed an initial bid for $294,217.45, approximately $136,863.97 below the Property's outstanding mortgage balance.  Id. ¶ 31.  The final accepted bid was $325,000, id. ¶ 30, $273,000 less than the Property's alleged appraisal value, see id. ¶ 32.

IV.    **Procedural History**

Fustolo initiated this action in Suffolk Superior Court on April 22, 2025, D. 1-1, and Newrez and VRMTG subsequently removed the action to this Court on April 23, 2025, D. 1.

---

[1] As alleged, the parties dispute whether the lis pendens is active.  D. 11 ¶ 43; see id. ¶ 25.

Fustolo filed the operative amended complaint, adding the Landmark Defendants and JPMorgan as defendants, on June 25, 2025, D. 11, and the Landmark Defendants now have moved to dismiss Count IV as against them, D. 28.  The Court heard the parties on the pending motion and took this matter under advisement.  D. 55.

## V.    Discussion

### A.    Count IV:  Mass. Gen. L. c. 93A Claim

In Count IV, Fustolo alleges that the Landmark Defendants committed unfair and deceptive acts and practices when they conducted the foreclosure auction in violation of Mass Gen. L. c. 93A, § 2(a).  D. 11 ¶¶ 80-84.  Although Fustolo's cause of action does not clearly specify which particular alleged acts or practices of these defendants Fustolo challenges under Mass Gen. L. c. 93A, § 2(a), the Landmark Defendants appropriately have construed this cause of action (as the Court now does) to include grounds that the Landmark Defendants:  (1) failed to disclose the Property's alleged lis pendens and title defects during the foreclosure auction in violation of Mass. Gen. L. c. 100, § 9(c), see D. 29 at 6-7; (2) failed to advertise the foreclosure auction in violation of Mass. Gen. L. c. 244, § 14, see id. at 8-9; and (3) failed to register to do business in Massachusetts in violation of Mass. Gen. L. c. 156(C), § 54, see id. at 9-11, and Fustolo neither disclaims any of these grounds for the Chapter 93A claim nor does the operative, amended complaint, D. 11, allege any other grounds.[2]

---

[2] To the extent Fustolo sought to assert Chapter 93A claims against the Landmark Defendants based on any other conduct, see D. 39 at 4-6, the amended complaint fails to provide fair notice that Fustolo is challenging any other acts under his Chapter 93A claim and any such claim is dismissed on this ground.  See Autila v. Massachusetts Transp. Auth., 342 F.R.D. 23, 35 (D. Mass. 2022); Cash Energy, Inc. v. Weiner, 768 F. Supp. 892, 896 (D. Mass. 1991) (dismissing complaint based, in part, on its "failure to give fair notice of the legal theory under which the action is proceeding").

Chapter 93A prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. L. c. 93A, § 2(a).  To state a Chapter 93A claim, "a plaintiff must allege facts sufficient to establish four elements:  first, that the defendant has committed an unfair or deceptive act or practice; second, that the unfair or deceptive act or practice occurred 'in the conduct of any trade or commerce;' third, that the plaintiff suffered an injury; and fourth, that the defendant's unfair or deceptive conduct was the cause of the injury." Rafferty v. Merck & Co., Inc., 479 Mass. 141, 161 (2018) (quoting Mass. Gen. L. c. 93A, § 2(a)). "A practice is unfair if it is within . . . the penumbra of some common-law, statutory, or other established concept of unfairness; . . . is immoral, unethical, oppressive, or unscrupulous." Blue Hills Office Park LLC v. J.P. Morgan Chase Bank, 477 F. Supp. 2d 366, 376 (D. Mass. 2007) (internal citations and quotations omitted).  "A practice may be deceptive if it reasonably could be found to have caused the plaintiff to act differently than he otherwise would have acted." Swenson v. Yellow Transp., Inc., 317 F. Supp. 2d 51, 54 (D. Mass. 2004) (quoting Duclersaint v. Fed. Nat'l Mortgage Ass'n, 427 Mass. 809, 814 (1998) (internal citations omitted)).

While a Chapter 93A claim may be premised on a statutory violation, "[a] violation of statutory or common law is not 'sufficient' to constitute a 93A violation." Anoush Cab, Inc. v. Uber Techs., Inc., 8 F.4th 1, 22 (1st Cir. 2021) (internal quotation omitted).  Rather "Massachusetts courts evaluate unfair and deceptive trade practice claims based on the circumstances of each case." Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F.3d 47, 69 (1st Cir. 2009).  "In relation to a foreclosure proceeding, . . . ""[i]t is not enough in the context of Chapter 93A [] to allege that defendants foreclosed . . . in violation of Massachusetts foreclosure law.""" Vil v. Wells Fargo Home Mortg., No. 17-cv-12121-ADB, 2019 WL 569846, at *11 (D. Mass. Feb. 12, 2019) (quoting Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 358 (1st Cir.

6

2013) (internal citation omitted)).  "Something more is required for [a plaintiff] to establish that the violation has an extortionate quality that gives it the rancid flavor[s] of unfairness [and deceptiveness]."  Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 281 (1st Cir. 2013) (internal quotation omitted).

### 1.    Mass. Gen. L. c. 100, § 9(c)

To the extent Fustolo alleges that the Landmark Defendants violated Chapter 93A by conducting the foreclosure auction in violation of Mass. Gen. L. c. 100, § 9(c).  D. 11 ¶ 41; see Vaks v. Ryan, 2012 Mass. App. Div. 17 (Dist. Ct. 2012) (noting that claims under Mass. Gen. L. c. 100, § 9 may be available under Mass. Gen. L. c. 93A), the Court turns to this ground first.  The Landmark Defendants move to dismiss this claim on the grounds that Mass. Gen. L. c. 100, § 9(c) does not apply to foreclosure auctions and Fustolo has not alleged a statutory violation.  D. 29 at 6-7.  This Chapter governs auctioneers conducting auction sales in Massachusetts.  See generally Mass. Gen. L. c. 100.  Under § 11 of this Chapter, "[t]he provisions of [Mass. Gen. L. c. 100] shall not apply to . . . sales held by . . . lienholders . . . provided, however, that any person acting as agent for any of the foregoing shall be subject to all of the provisions of this chapter except section ten."

The Landmark Defendants argue that they are exempt from § 9's purview because VRMTG held the Property's mortgage at the time of the foreclosure sale, and the Landmark Defendants were allegedly acting as agents of VRMTG during the sale.  D. 29 at 7 (citing D. 11 ¶ 9).  Fustolo argues that § 11's exemption applies only "to lienholders themselves, not to auctioneers conducting sales under their authority," D. 39 at 6 (emphasis omitted), and that the final clause of § 11 specifies that "agents" for lienholders remain subject to all provisions of Chapter 100, except § 10, id. (citing Mass. Gen. L. c. 100, § 11).  As alleged, VRMTG held the assignment of the

7

mortgage on the Property at the time of the foreclosure auction and sale, D. 11 ¶¶ 5, 30, making it a lienholder of the Property, see Britton v. PHH Mortg. Corp., No. 23-cv-12358-IT, 2024 WL 4171428, at *1 (D. Mass. Sept. 12, 2024) (recognizing that mortgagees are lienholders of the mortgaged property), and it held the foreclosure auction along with Newrez and the Landmark Defendants, D. 11 ¶¶ 12-13; see id. ¶¶ 27-30. That the Property's foreclosure sale was held by its lienholder places the foreclosure sale into § 11's purview for exemption.

Even if, *arguendo*, without deciding, as Fustolo argues, the Landmark Defendants fall into 11's exception to such exemption, see D. 11 ¶ 9, Fustolo has failed to plausibly allege a violation of § 9(c) that would constitute an unfair or deceptive practice. Mass. Gen. L. c. 100, § 9(c) provides that "[n]o licensee or other person shall . . . advertise for sale or sell goods at auction falsely representing that said goods are, in whole or in part, bankrupt or insolvent stock or damaged goods saved from fire, or otherwise falsely represent or mislead any person as to their origin, history or condition." See Mass. Gen. L. c. 100, § 1 (providing that "goods" includes "real property"). Here, Fustolo alleges that the Landmark Defendants violated § 9(c) by failing to "make any announcement," including in the foreclosure advertisement and during the foreclosure auction, that the Property was "subject to the lis pendens or the other claims" including Fustolo's prior lawsuit against Newrez and VRMTG. D. 11 ¶ 41; see D. 39 at 6. But even as alleged, this information was already publicly available at the time of the auction. D. 11 ¶¶ 22-25. Moreover, even if this alleged omission qualifies as a misrepresentation of the Property's origin, history or condition, Fustolo has not plausibly alleged a Chapter 93A violation where "the complaint does not allege anything beyond the supposed violation to show that violation had the 'rancid flavor' of unfairness and deceptiveness required by Mass. Gen. Laws ch. 93A." See Jones v. Bank of New York as Tr. for Certificate Holders CWABS, Inc. Asset-Backed Certificates, Series 2004-7, 542

F. Supp. 3d 44, 58 (D. Mass. 2021) (dismissing Chapter 93A claim premised merely on violation of Mass. Gen. L. c. 244, § 35B) (quoting Juarez, 708 F.3d at 281); see also Woods, 733 F.3d at 358 (concluding that plaintiff's "failure to set forth any particular acts or practices marked by 'an extortionate quality . . . of unfairness [and deceptiveness],' . . . necessitates a finding that the facts as pled are insufficient to state a claim") (internal citation omitted), and Fustolo does not plausibly allege factual basis for an injury resulting from this purported violation, see D. 11 ¶¶ 41, 84; Rafferty, 479 Mass. at 161.

Accordingly, this claim fails as against the Landmark Defendants.

2.    *Mass. Gen. L. c. 244, § 14*

To the extent Fustolo alleges that the Landmark Defendants violated Chapter 93A by failing to adequately advertise the rescheduled foreclosure auction in violation of Mass. Gen. L. c. 244, § 14, this ground fails as a matter of law.  The Landmark Defendants move to dismiss this claim on the grounds that Mass. Gen. L. c. 244, § 14 does not apply to auctioneers and a violation of the statute is not unfair or deceptive.  D. 29 at 8-9.  Both grounds warrant dismissal.

Mass. Gen. L. c. 244, § 14 "is binding on '[t]he mortgagee or person having his estate in the land mortgaged, or a person authorized by the power of sale, or the attorney duly authorized by a writing under seal, or the legal guardian or conservator of such mortgagee or person acting in the name of such mortgagee or person.'" Graham v. Aames Funding Corp., No. SUCV200804344, 2010 WL 6576212, at *2 (Mass. Super. Aug. 16, 2010) (quoting Mass. Gen. L. c. 244, § 14). "[B]eing directed toward the conduct of mortgages or those acting in their behalf, the section does not implicate the powers or duties of auctioneers." Dacruz v. Citimortgage, Inc., No. BRCV201100518, 2011 WL 7090712, at *1 (Mass. Super. Dec. 19, 2011) (citation omitted). Here, as the Landmark Defendants are auctioneers, Fustolo's claim that they violated Chapter 93A

9

based on a violation of Mass. Gen. L. c. 244, § 14 fails.  Id. (concluding that mortgagor cannot sustain a lawful cause of action against auctioneers under Mass. Gen. L. c. 244, § 14 because statute does not apply to auctioneers); Graham, 2010 WL 6576212, at *2 (holding that plaintiff's claim against mortgagee based on auctioneer's alleged violation of Mass. Gen. L. c. 244, § 14 fails, in part, because auctioneers are not bound by this provision).

Moreover, Fustolo has not plausibly alleged a violation of Mass. Gen. L. c. 244, § 14 to support a Chapter 93A claim.  "M.G.L. c. 244, § 14 governs the procedure for providing proper notice of foreclosure under the power of sale" and, as relevant here, "requires '[a]dvance notice of the foreclosure sale . . . by publication in a newspaper published or generally circulating in the town where the mortgaged property lies.'"  Vil, 2019 WL 569846, at *3 (quoting Culhane v. Aurora Loan Servs. of Nebraska, 826 F. Supp. 2d 352, 362 (D. Mass. 2011)).  Although courts have recognized that "[f]ailure to comply [with M.G.L. c. 244, § 14] is a violation of Chapter 93A," Sampson v. U.S. Bank, Nat'l Ass'n, 692 F. Supp. 3d 1, 8 (D. Mass. 2023), after that initial foreclosure auction advertisement, "[a]ny further duties of a mortgagee to advertise a foreclosure sale are less defined, and are embraced under the general obligation to make reasonable efforts to prevent a sacrifice of the property," Marcus v. Collamore, 168 Mass. 56, 57 (1897) (citations omitted).

Here, Fustolo alleges that, at the scheduled time and location of the initial foreclosure auction, Katz announced that the auction would be postponed, D. 11 ¶ 36, but "did not announce the date and time of the future foreclosure . . . before the crowd left the premises, nor did he notify the attendees at the auction where they could find the new date once it had been rescheduled," id. ¶ 37; see id. ¶ 27.  These alleged failures does not plausibly state a violation of Mass. Gen. L. c. 244, § 14, particularly where "[w]hen the [rescheduled foreclosure sale] opened there were a

number of persons present," <u>Stevenson v. Dana</u>, 166 Mass. 163, 171 (1896); D. 11 ¶ 33, and "[Fustolo] knew of the sale, and, when it came off, was there," <u>Stevenson</u>, 166 Mass. at 170; <u>see</u> D. 11 ¶ 29; <u>cf.</u> <u>Clark v. Simmons</u>, 150 Mass. 357, 360-61 (1890) (concluding mortgagee acted in bad faith where he provided insufficient notice of postponed auction and auction was attended only by the auctioneer and the mortgagee's agent). Nor is the "mere [allegation that] the [Property] sold for a good deal less than it was worth, [] alone, enough to make out a" Mass. Gen. L. c. 244, § 14 violation, <u>Stevenson</u>, 166 Mass. at 170 (noting that while "[e]quity requires a foreclosure to be conducted with entire good faith . . .[i]t does not require the land to be sold for its value"); <u>see</u> D. 11 ¶¶ 30-32, much less a Chapter 93A claim.

Accordingly, this claim fails as against the Landmark Defendants.

### 3. *Mass. Gen. L. c. 156C, § 54*

Finally, to the extent that Fustolo alleges that the Landmark Defendants violated Chapter 93A by failing to register to do business in Massachusetts in violation of Mass. Gen. L. c. 156C, § 54, D. 11 ¶ 42, this claim also is not plausibly alleged. The Landmark Defendants move to dismiss on the ground that a violation of Mass. Gen. L. c. 156C, § 54 is an administrative violation that does not invalidate the foreclosure sale. D. 29 at 9-11. This provision provides that "[a] foreign limited liability company doing business in the commonwealth which fails to register with the state secretary shall, for each year that such failure shall continue, be fined not more than five hundred dollars." Mass. Gen. L. c. 156C, § 54. As an initial matter, as this provision applies only to "foreign limited liability compan[ies]," this claim fails as against Katz. As for Landmark, although Fustolo alleges that Landmark is a Rhode Island LLC that failed to register to do business in Massachusetts, D. 11 ¶ 6, he has not plausibly alleged facts that establish that this failure constitutes an unfair or deceptive act by which he was injured. Fustolo thus also fails to plausibly

allege this claim against Landmark.  Accordingly, this claim fails as against the Landmark Defendants.

For the aforementioned reasons, Fustolo has failed to plausibly allege a Chapter 93A claim against the Landmark Defendants.[3]

## VI.  Conclusion

For the foregoing reasons, the Court ALLOWS the Landmark Defendants' motion to dismiss Count IV as against them.  D. 28.

**So Ordered.**

/s Denise J. Casper
Chief United States District Judge

---

[3] Having determined that Fustolo has failed to state a Chapter 93A claim against the Landmark Defendants, the Court need not reach the Landmark Defendants' argument that Fustolo also failed to allege that he satisfied Mass. Gen. L. c. 93A, § 9(3)'s demand letter requirement, see D. 29 at 11; O'Connor v. Nantucket Bank, 992 F. Supp. 2d 24, 38 (D. Mass. 2014), nor Fustolo's argument that the place of business exception to this requirement applies, D. 39 at 8-12.